## No. 10,967.

STONE, ET AL. *v.* DENVER AND SALT LAKE RAILROAD CO., ET AL.

Decided November 23, 1925.

On motion to dismiss writ of error.   Motion denied.

*Judgment Affirmed.*

1.  PARTIES—*Intervention.* Where a party is in no way interested in the subject or object of a legal action, his petition to intervene is properly denied.

2.  APPEAL AND ERROR—*Demurrer—Review.* Where a demurrer to a petition in intervention is sustained, no matter how just the decision, the parties have a right to have it reviewed in the Supreme Court.

3.  *Judgment—Conflicting Evidence.* Judgment of the trial court, based on conflicting evidence, on a question of wages to

be paid employes of its receiver, will not be disturbed on review, no abuse of discretion being shown.

4. RAILROADS—*Receivers—Wage Scale.* Adoption of a wage scale recommended by the United States Railroad Labor Board, by receivers of a railroad company, held not to amount to a contract to continue to pay the scheduled rate until resubmitted to the board.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Messrs. HINDRY, FRIEDMAN & BREWSTER, Mr. THOMAS H. STEVENSON, for plaintiffs in error.

Messrs. HODGES, WILSON & ROGERS, Messrs. SMITH & BROCK, Mr. ELMER L. BROCK, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court of Adams county denied the petition of W. S. Stone and others that that court order its receivers of the Denver and Salt Lake Railroad Company to restore a former rate of wages which they claimed had been recommended by the United States Railroad Labor Board and adopted by the receivers. The petitioners bring error.

The original suit was in the nature of a creditors' bill by McPhee & McGinnity against the railroad company. The Bankers Trust Company of New York, trustee under a mortgage of the railroad, was or became a party and asked for foreclosure. Receivers were appointed and operated the road as usual in such cases. The Labor Board recommended a reduction of wages on other roads of 12½ per cent. The receivers reduced their wage schedule to approximately that rate. The court then gave them authority to fix wages as they deemed right and they reduced still further; then the plaintiffs in error, W. S. Stone,

who is the head of the Brotherhood of Locomotive Engineers, and others, heads of other similar orders, filed the petition above mentioned, which they called a petition of intervention. None of them was an employee or had any interest in the suit or its subject matter. The court held that they had no standing as interveners, and sustained a demurrer to the petition. This was right because they were not in any way legally or equitably interested in the subject or the object of the suit. The court, however, then treated the matter as if it were an application by the employees for an increase of wages, took voluminous and conflicting evidence, and denied the petition except as to the wages of certain engineers, as to which it was granted.

The railroad company moves to dismiss the writ of error because there was no judgment on the sustaining of the demurrer and because the only final order was on an administrative question, that is, whether wages should be raised, a matter to which error does not lie. We will ignore the inconsistency of a partial grant of a petition to which a demurrer has been sustained and treat the denial of the petition as a judgment on the demurrer and a grant of a raise of the wages of certain engineers as a decision on the supposed application of employees for more pay. Then we must deny the motion to dismiss the writ of error because, no matter how just the decision on the demurrer, yet the defeated parties have a right to have it reviewed here. We ignore the question whether they waived that right. It follows, however, from what we have said that the judgment on the demurrer was right. As to the wages that is a matter within the sound discretion of the lower court and we cannot question it, at least when conflicting evidence has·been taken. No abuse of discretion is shown.

It is conceded that the order of the labor board did not bind the receivers, but it is claimed that the adoption of a wage which approximated that which the board recommended amounted to a contract to continue to pay it until

resubmitted to the board. We can see no element of contract in such a proceeding.

Motion to dismiss denied and judgment affirmed.